1  JORGE L. SANCHEZ, ESQ,
   Nevada Bar No. 10434
2  SANCHEZ LAW GROUP, LTD.
   930 South Fourth Street, Suite 211
3  Las Vegas, Nevada 89101
   Phone (702) 635-8529
4  Attorneys for Debtors,

5

6

7                    UNITED STATES BANKRUPTCY COURT

8                          DISTRICT OF NEVADA

9

10 In re:                          )   **CHAPTER 13**
                                   )
11 ELIDA AND ANTONIO REVELES       )   **CASE NO: 09-17196-BAM**
                                   )
12            Debtor.              )   **DATE:  July 9, 2009**
                                   )   **TIME:   3:30PM**
13                                 )
                                   )
14                                 )
                                   )
15                                 )
                                   )
16

17

18 **MOTION TO VALUE DEBTORS' NON-PRINCIPAL RESIDENCE REAL PROPERTY,
   AVOID WHOLLY UNSECURED LIEN(S) ENCUMBERING SAME, AND TO MODIFY
19 THE RIGHTS OF PARTIALLY SECURED LIENHOLDERS AND OBJECTION TO
   LIENHOLDERS' PROOF(S) OF CLAIM, IF ANY**

20

21        COMES NOW, Debtors, ELIDA AND ANTONIO REVELES (hereinafter "Debtors"), by

22 and through their attorney, Jorge L. Sanchez, of the law firm of SANCHEZ LAW GROUP, LTD.,

23 and move this Court to value Debtors' non-principal residence, determine the first lien of WELLS

24 FARGO FINANCIAL to be partially unsecured, to avoid wholly unsecured lien of WELLS FARGO

25 FINANCIAL and to modify the rights of said creditor accordingly including determining the claim

26 (pursuant to proof(s) of claim which such lienholder may file or have filed) to be unsecured where

27 there is insufficient equity in the residence to secure more than the first lien.

28

                                        1

This Motion is brought pursuant to 11 U.S.C. § 502(a), §506(a), §1322(b)(2), and Bankruptcy Rule 3012 and 9014, the Points and Authorities set forth below and all documents and pleadings on file herein.

POINTS AND AUTHORITIES

1.      Debtors filed a Chapter 13 petition in the United States Bankruptcy Court, District of Nevada on May 14, 2009.

2.      On the date of the petition, Debtors were the owners of real property used as a rental property known and described as 2304 Willoughby Avenue, Las Vegas, NV 89101 (Exhibit "1") legally described as follows:

> GREATER LAS VEGAS ADD 3 UNIT #4
> Plat Book 6 Page 67
> Lot 104 Block 5
> Section 26 Township 20 Range 61

3.      The value of said principal residence at the time their Chapter 13 petition was filed was $38,000.00 as set forth more particularly in a written professional appraisal of subject property (Exhibit "2").

4.      Said property at the time of filing was subject to the following liens evidenced by Promissory Note and allegedly secured by a Deed of Trust:

> WELLS FARGO FINANCIAL: $ 220,855.00

> WELLS FARGO FINANCIAL: $ 70,655.00

5.      As of the date of Debtors' Chapter 13 petition was filed no equity existed in said property above the amount of the appraisal value of $38,000.00 thereby leaving the second loan to WELLS FARGO FINANCIAL as wholly unsecured and the first loan to WELLS FARGO FINANCIAL as partially secured to the extent of the value of the property. If said property were foreclosed or otherwise sold at auction on the date of the petition, there would be insufficient proceeds to pay anything to WELLS FARGO FINANCIAL on the second loan and only partial payment to WELLS FARGO FINANCIAL on the first loan.

6.      Debtor declares that the entire second claim of WELLS FARGO FINANCIAL is unsecured and the first claim of WELLS FARGO FINANCIAL is only partially secured such that

all such unsecured debt should be reclassified as unsecured to share pro rata with other general unsecured  through the debtors' Chapter 13 plan with any proof(s) of claim filed by it modified accordingly to document the claim as unsecured, and that te second lien filed by WELLS FARGO FINANCIAL as identified above encumbering subject property be properly avoided by Order of this Court and the lien of WELLS FARGO FINANCIAL on the first loan be modified accordingly by order of the Court.

LEGAL ARGUMENT

**A.    The Restrictions of 11 U.S.C. §1322(b)(2) Do Not Apply to Real Property Which is Not Debtor's Principal Residence.**

11 U.S.C. § 1322(b)(2) does not apply to this property as it is not Debtor's principal residence.

That section provides:

> (b) Subject to subsections (a) and (c) of this section, the plan may —
>
> *****
>
> (2) modify the rights of holders of secured claims, other
> Than a claim secured only by a security interest that is
> secured by an interest in real property that is the debtor's
> principal residence, . . . .

**B.    The Claims by Lienholders May be Bifurcated into Secured and Unsecured Claims Pursuant to 11 U.S.C. §506(a)**

11 U.S.C. § 506(a)(1) provides in pertinent part:

> (a)(1) An allowed claim of a creditor secured by a lien on
> property in which the estate has an interest, or that is subject
> To setoff under section 553 of title, is a secured claim to the
> extent of the value of such creditor's interest in the estate's
> interest in such property, or to the extent of the amount subject
> to setoff, as the case may be, and is an unsecured claim to the
> extent that the value of such creditor's interest or the amount of
> such allowed claim.

In re Zimmer, 313 F.3d 1220, 1221 (9th Cir.2002), accepted what was the majority view in the various circuits, that a, wholly unsecured lienholder is not entitled to the protection of 11 U.S.C. § 1322(b)(2). The Court stated that a wholly unsecured lienholder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. § 506(a).

**C.    Any Proof of Claim Filed by Named Lienholders Should be Conformed by Order of This Court to any Modification of Their Rights Determined by This Court.**

11 U.S.C. §502 provides that a claim of interest represented by proper Proof of Claim filed pursuant to section 501 is deemed allowed unless objected to. Debtor herewith objects to any and all Proof(s) of Claim which may have been filed by WELLS FARGO FINANCIAL and WELLS FARGO FINANCIAL relative to their loans and request that any Proof(s) of Claim of same representing such claims consistent with the Order of this Court determining their claims to be wholly unsecured in the case of the lien of WELLS FARGO FINANCIAL and only partially secured in the case of the lien of WELLS FARGO FINANCIAL.

CONCLUSION

Debtors request determination of value of Debtors non-principal residence real property to be less than the amount of the first lien and argue that since the second lien of WELLS FARGO FINANCIAL is wholly unsecured, it may be completely avoided and "stripped off" pursuant to 11 U.S.C. § 506(a) and that the first lien of WELLS FARGO FINANCIAL may be modified, stripped down and reduced to the actual value of the property; that the said claims be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the debtors Chapter 13 plan and that the Proof of Claim of the lienholders be modified consistent with the actual value of the property.

Wherefore, Debtors pray this Court:

1.    Determine the value of Debtors' non-principal residence real property to $38,000 or such other amount as the evidence may justify as of the date of the Petition; and

2.    Avoid and extinguish the second lien of WELLS FARGO FINANCIAL as a wholly unsecured lien pursuant to 11 U.S.C. §506(a) upon completion of the Debtors' Chapter 13 plan; and

3.    Modify the first lien of WELLS FARGO FINANCIAL as secured only to the extent of the actual value of the property as of the date of the Petition; and

4.    Reclassify the second claim of WELLS FARGO FINANCIAL and the non-secured portion of WELLS FARGO FINANCIAL claim as general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan; and

4

5.  Conform any Proof(s) of Claim filed by WELLS FARGO FINANCIAL and WELLS FARGO FINANCIAL to the secured/unsecured status of said claims as determined by this Court.

6.  Order such other relief as the Court may deem appropriate.

Dated: June 6, 2009

Respectfully Submitted:


/s/Jorge L. Sanchez, Esq. /s/
Jorge L. Sanchez, Esq.
Attorney for Debtor

# EXHIBIT 1

B6D (Official Form 6D) (12/07) - Cont.

In re **Elida Reveles**                                                                 Case No. **09-17196**
_____                                    _____
                          Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. 65065084064801998 | | | Opened 6/03/05 Last Active 2/19/09 Equity Line of Credit Investment Property: 2304 Willoughby Avenue Las Vegas, NV 89101 GREATER LAS VEGAS ADD 3 UNIT #4 PLAT BOOK 6 PAGE 67 LOT 104 BLOCK 5 | | | | | |
| Wells Fargo Bank Nv Na Po Box 31557 Billings, MT 59107 | X | J | | | | | | |
| | | | Value $               38,000.00 | | | | 119,700.00 | 119,700.00 |
| Account No. 7080053862785 | | | Opened 7/05/05 Last Active 3/01/09 First Mortgage Investment Property: 4140 Glass Lantern Drive Las Vegas, NV 89032 MONTERO UNIT #1 AMD PLAT BOOK 50 PAGE 72 LOT 207 BLOCK 8 | | | | | |
| Wells Fargo Hm Mortgag 8480 Stagecoach Cir Frederick, MD 21701 | X | J | | | | | | |
| | | | Value $              131,000.00 | | | | 220,855.00 | 89,855.00 |
| Account No. 7080182804765 | | | Opened 9/24/02 Last Active 3/01/09 First Mortgage Investment Property: 2304 Willoughby Avenue Las Vegas, NV 89101 GREATER LAS VEGAS ADD 3 UNIT #4 PLAT BOOK 6 PAGE 67 LOT 104 BLOCK 5 | | | | | |
| Wells Fargo Hm Mortgag 8480 Stagecoach Cir Frederick, MD 21701 | X | - | | | | | | |
| | | | Value $               38,000.00 | | | | 70,655.00 | 32,655.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | 411,210.00 | 242,210.00 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 1,040,734.00 | 568,384.00 |

B6D (Official Form 6D) (12/07)

In re __**Elida Reveles**__ ,    Case No. ___**09-17196**___
Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. 300308314 | | | Opened 2/05/07 Last Active 3/25/09 | | | | | |
| **Bank Of The West** **1450 Treat Blvd** **Walnut Creek, CA 94597** | | C | Auto Loan 2003 Chevy Tahoe - Debtors brother makes the payments on the vehicle. | | | | | |
| | | | Value $                6,625.00 | | | | 15,549.00 | 8,924.00 |
| Account No. 6683002927220 | | | Opened 6/11/07 Last Active 12/30/08 First Mortgage | | | | | |
| **Indymac Bank** **6900 Beatrice Dr** **Kalamazoo, MI 49009** | | J | Primary Residence: 2366 N. Gateway Road Las Vegas, NV 89115 PT NW4 NE4 SEC 19 20 62 SEC 19 TWP 20 RNG 62 | | | | | |
| | | | Value $             255,000.00 | | | | 437,000.00 | 182,000.00 |
| Account No. 9420203284476 | | | Opened 3/31/06 Last Active 3/01/09 First Mortgage | | | | | |
| **Suntrust Mortgage/Cc 5** **1001 Semmes Ave** **Richmond, VA 23224** | X | J | Investment Property: 2108 Willoughby Avenue Las Vegas, NV 89101 GREATER LAS VEGAS ADD 3 UNIT #4 PLAT BOOK 6 PAGE 67 LOT 95 BLOCK 5 | | | | | |
| | | | Value $               30,000.00 | | | | 160,000.00 | 130,000.00 |
| Account No. 518880556985 | | | Opened 4/01/05 Last Active 3/01/09 | | | | | |
| **Wachdlrserv** **P.O. Box 1697** **Winterville, NC 28590** | | C | Auto Loan 2005 Nissan Armada | | | | | |
| | | | Value $               11,725.00 | | | | 16,975.00 | 5,250.00 |

__1__    continuation sheets attached

Subtotal
(Total of this page)

| | |
|---|---|
| 629,524.00 | 326,174.00 |

# EXHIBIT 2

PARKER DRISCOLL APPRAISAL
702-254-0977

File No. 9-275

# APPRAISAL OF



SINGLE FAMILY RESIDENCE

## LOCATED AT:

2304 WILLOUGHBY AVENUE
LAS VEGAS, NV 89101-2234

## CLIENT:

REVELES/CO JORGE L SANCHEZ ATTORNEY AT LAW
930 SOUTH FOURTH STREET, SUITE 211
LAS VEGAS, NV 89101

## AS OF:

May 1, 2009

## BY:

JAMES DRISCOLL
PARKER DRISCOLL APPRAISAL

PARKER DRISCOLL APPRAISAL
## Residential Appraisal Report
File No. 9-275

**PURPOSE**

The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the defined value of the subject property, given the intended use of the appraisal.

Client Name/Intended User REVELES/CO JORGE L SANCHEZ ATTORNEY AT LAW    E-mail JSANCHEZ@SANCHEZLAWGROUP.NET

Client Address  930 SOUTH FOURTH STREET, SUITE 211    City LAS VEGAS    State NV    Zip 89101

Additional Intended User(s) THIS REPORT WAS PREPARED FOR THE SOLE AND EXCLUSIVE USE OF THE CLIENT

Intended Use THE PURPOSE OF THIS APPRAISAL REPORT IS TO PROVIDE THE CLIENT WITH A CREDIBLE OPINION OF THE DEFINED VALUE OF THE SUBJECT PROPERTY SEE ATTACHED LIMITING CONDITIONS.

**SUBJECT**

Property Address 2304 WILLOUGHBY AVENUE    City LAS VEGAS    State NV    Zip 89101-2234

Owner of Public Record REVELES    County CLARK

Legal Description GREATER LAS VEGAS ADD 3 UNIT #4 PLAT BOOK 6 PAGE 67 LOT 104 BLOCK 5

Assessor's Parcel # 139-26-712-065    Tax Year 09/08    R.E. Taxes $ 1,468,396.00

Neighborhood Name GREATER LAS VEGAS ADD 3 UNIT #    Map Reference 45-D4    Census Tract 0510

Property Rights Appraised  [X] Fee Simple   [ ] Leasehold   [ ] Other (describe) N/A

My research  [ ] did  [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

Prior Sale/Transfer:  Date N/A    Price N/A    Source(s) COUNTY RECORDS/MLS

**SALES HISTORY**

Analysis of prior sale or transfer history of the subject property (and comparable sales, if applicable)  THE SUBJECT HAS NOT BEEN LISTED IN THE MLS WITHIN THE PAST TWELVE MONTHS.  HAS HAD NO TRANSACTIONS WITHIN THE PAST THREE YEARS.  ALL SALES WERE REPORTED CLOSED WITH TYPICAL FINANCING.  THE REPORTED SALES CONCESSIONS BEING PAID FOR BY THE SELLER ARE TYPICAL IN THE MARKET PLACE

Offerings, options and contracts as of the effective date of the appraisal  N/A

**NEIGHBORHOOD**

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % |
|---|---|---|---|---|---|---|---|---|
| Location | [ ] Urban | [X] Suburban [ ] Rural | Property Values | [ ] Increasing | [ ] Stable [X] Declining | PRICE $(000) | AGE (yrs) | One-Unit 80 % |
| Built-Up | [X] Over 75% | [ ] 25-75% [ ] Under 25% | Demand/Supply | [ ] Shortage | [ ] In Balance [X] Over Supply | Low | NEW | 2-4 Unit 5 % |
| Growth | [ ] Rapid | [X] Stable [ ] Slow | Marketing Time | [ ] Under 3 mths | [X] 3-6 mths [ ] Over 6 mths | 10 Low | NEW | Multi-Family 5 % |
| Neighborhood Boundaries  CAREY AVE TO THE NORTH, CHARLESTON BLVD TO THE SOUTH, PECOS | | | | | 270+ High | 85+ | Commercial 5 % |
| RD TO THE EAST, AND REVERE ST TO THE WEST | | | | | 55 Pred. | 45-50 | Other  VACANT 5 % |

Neighborhood Description  THE SUBJECT IS LOCATED IN A RESIDENTIAL AREA WHERE THE HOMES ARE REASONABLY COMPATIBLE.  STREET PATTERNS ARE GOOD SITES ARE ADEQUATE AND THE SUBJECT IS TYPICAL FOR THE NEIGHBORHOOD.  NO NEIGHBORHOOD FACTORS WERE NOTED THAT WOULD ADVERSELY AFFECT THE SUBJECT PROPERTY.

Market Conditions (including support for the above conclusions)  PREVAILING INTEREST RATES ARE RANGING FROM 4.0% TO 10.0%.  TYPICALLY SELLERS ARE PAYING FROM 0 TO 3 PERCENT IN THE MARKETING OF THEIR HOMES. MARKET CONDITIONS APPEAR TO BE DECLINING WITH DECLINING PROPERTY VALUES. THIS IS DUE TO REO, SHORT SALES, AND FORECLOSURES WITHIN THE MARKET AREA

**SITE**

Dimensions SEE ATTACHED PLAT MAP    Area 6200 SQ FT    Shape RECTANGULAR    View TYPICAL

Specific Zoning Classification R-1    Zoning Description SINGLE FAMILY RESIDENTIAL DISTRICT

Zoning Compliance  [X] Legal  [ ] Legal Nonconforming (Grandfathered Use)  [ ] No Zoning  [ ] Illegal (describe) N/A

Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use?  [X] Yes  [ ] No   If No, describe.  N/A

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Water | [X] | | Street  ASPHALT | [X] | |
| Gas | | [X] ALL ELECTRIC | Sanitary Sewer | [X] | | Alley  NONE/TYPICAL | | |

Site Comments  NO ADVERSE EASEMENTS OR ENCROACHMENTS WERE APPARENT.  HOWEVER, MY INSPECTION WAS MADE WITHOUT THE BENEFIT OF A TITLE REPORT OR SURVEY.

**IMPROVEMENTS**

| GENERAL DESCRIPTION | | FOUNDATION | | EXTERIOR DESCRIPTION | materials | INTERIOR | materials |
|---|---|---|---|---|---|---|---|
| Units | [X] One [ ] One w/Acc. unit | [X] Concrete Slab | [ ] Crawl Space | Foundation Walls | CONCRETE/AVG | Floors | N/A |
| # of Stories | 1 | [ ] Full Basement | [ ] Partial Basement | Exterior Walls | FR/STUCCO/AVG | Walls | N/A |
| Type | [X] Det. [ ] Att. [ ] S-Det./End Unit | Basement Area | 0.0000 sq. ft. | Roof Surface | ASHP/SHNG/AVG | Trim/Finish | N/A |
| [X] Existing [ ] Proposed [ ] Under Const. | | Basement Finish | N/A % | Gutters & Downspouts | NONE | Bath Floor | N/A |
| Design (Style) 1 STORY | | [ ] Outside Entry/Exit | [ ] Sump Pump | Window Type | ALUM SLIDE/AVG | Bath Wainscot | N/A |
| Year Built 1962 | | | | Storm Sash/Insulated | NONE | Car Storage | [ ] None |
| Effective Age (Yrs) 20-25 | | Heating [X] FWA [ ] HW [ ] Radiant | | Screens | YES/AVG | [X] Driveway  # of Cars 2 |  |
| Attic | [ ] None | [ ] Other | Fuel ELECTRIC | Amenities | [ ] WoodStove(s) # | Driveway Surface CONCRETE | |
| [ ] Drop Stair | [ ] Stairs | | | Fireplace(s) # | [X] Fence C-BLK | [ ] Garage  # of Cars | |
| [ ] Floor | [ ] Scuttle | Cooling [X] Central Air Conditioning | | [X] Patio/Deck AVG | [X] Porch  COVERED | [ ] Carport  # of Cars | |
| [ ] Finished | [ ] Heated | [ ] Individual | [ ] Other | [ ] Pool | [ ] Other | [ ] Att. [ ] Det. [ ] Built-in | |
| Appliances | [ ] Refrigerator [ ] Range/Oven | [ ] Dishwasher | [ ] Disposal [ ] Microwave | [ ] Washer/Dryer | [X] Other (describe) EXTERIOR | | |

Finished area above grade contains:    8 Rooms    5 Bedrooms    3 Bath(s)    2,117 Square Feet of Gross Living Area Above Grade

Additional Features  THIS WAS AN EXTERIOR ONLY APPRAISAL

Comments on the Improvements  THE APPRAISER DID NOT OBSERVE ANY DEFECTS OR CONDITIONS THAT WOULD AFFECT THE SUBJECT PROPERTY. PLEASE NOTE. THE APPRAISER ASSUMES NO LIABILITY FOR FUNCTIONAL INADEQUACIES, DEFECTS, OR CONDITIONS WHICH MAY BE PRESENT BUT NOT OBSERVABLE FROM THE STREET. THE APPRAISER IS NOT AN EXPERT IN THIS FIELD. IF FURTHER ASSISTANCE IS REQUIRED THE APPRAISER RECOMMENDS AN INSPECTION BY A LICENSED EXPERT IN THE FIELD.



PARKER DRISCOLL APPRAISAL

## Residential Appraisal Report

File No. 9-275

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 2304 WILLOUGHBY AVENUE | 2001 RYAN AVE | | 3715 REYNOLDS AVE | | 2637 TAYLOR AVE | |
| | LAS VEGAS | 139-26-811-106 | | 139-24-811-100 | | 139-24-410-030 | |
| Proximity to Subject | | 0.41 MI SW | | 1.3 MI ENE | | 0.80 MI NNE | |
| Sale Price | $ N/A | $ 36,000 | | $ 37,250 | | $ 42,500 | |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 17.46 sq. ft. | | $ 17.21 sq. ft. | | $ 22.00 sq. ft. | |
| Data Source(s) | CNTY REC/INSPC | COUNTY RECORDS/MLS | | COUNTY RECORDS/MLS | | COUNTY RECORDS/MLS | |
| Verification Source(s) | DOC# | 20090220-04789 | | 20090330-00592 | | 20090326-00696 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | N/A | CASH | | CASH | | CONV | |
| Concessions | N/A | NO CONCESS | 0 | SLR PD 4% | -372 | SLR PD 4% | -425 |
| Date of Sale/Time | N/A | 02/2009 | -3,600 | 03/09/2009 | -1,862 | 03/2009 | -2,125 |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 6200 SQ FT | 6912 SQ FT | 0 | 6120 SQ FT | 0 | 6150 SQ FT | 0 |
| View | TYPICAL | TYPICAL | | TYPICAL | | TYPICAL | |
| Design (Style) | 1 STORY/AVG | 1 STORY/AVG | | 1 STORY/AVG | | 1 STORY/AVG | |
| Quality of Construction | STU/SHNG/AVG | STU/BLTUP/AVG | 0 | MSR/BLTUP/AVG | 0 | MSR/BLTUP/AVG | 0 |
| Actual Age | 1962 | 1965 | 0 | 1961 | 0 | 1954 | 0 |
| Condition | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | Total / Bdrms / Baths | | Total / Bdrms / Baths | |
| Room Count | 8 / 5 / 3 | 5 / 3 / 2 | +3,000 | 7 / 3 / 2 | +3,000 | 5 / 3 / 2 | +3,000 |
| Gross Living Area | 2,117 sq. ft. | 2,062 sq. ft. | 0 | 2,165 sq. ft. | 0 | 1,932 sq. ft. | +5,600 |
| Basement & Finished | NONE | NONE | | NONE | | NONE | |
| Rooms Below Grade | MLS# N/A | MLS# 901401 (DOM 31) | SHORT SALE | MLS# 909010 (DOM 267) | REO | MLS# 860432 (DOM 205) | REO |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | FWA C/Air | FWA/C. REF | | FWA/C. REF | | FWA/C. REF | |
| Energy Efficient Items | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Garage/Carport | PARKING ONLY | PARKING ONLY | | PARKING ONLY | | 1-CARPORT | -2,500 |
| Porch/Patio/Deck | CPORCH/PATIO | CPORCH/PATIO | | CPORCH/PATIO | | CPORCH/PATIO | |
| | N POOL/N SPA | N POOL/N SPA | | N POOL/N SPA | | N POOL/N SPA | |
| | | UPGRADES | | SIMILAR | | SIMILAR | |
| | | SIMILAR | | | | | |
| Net Adjustment (Total) | | ☐+ ☒- $ | 600 | ☒+ ☐- $ | 766 | ☒+ ☐- $ | 3,550 |
| Adjusted Sale Price | | Net Adj. -1.7% | | Net Adj. 2.1% | | Net Adj. 8.4% | |
| of Comparables | | Gross Adj. 18.3% $ 35,400 | | Gross Adj. 14.1% $ 38,016 | | Gross Adj. 32.1% $ 46,050 | |

Summary of Sales Comparison Approach    THE APPRAISER IS LIMITED IN THE SELECTION OF COMPARABLE SALES THAT ARE VERIFIABLE IN THE MARKET PLACE.  TYPICAL BUYERS IN THE SUBJECT PRICE RANGE IN THIS LOCALITY WILL CONSIDER AND COMPARE HOMES WITHIN SEVERAL MILES FROM THE SUBJECT PROPERTY.  ALL SELECTED COMPARABLES ARE IN THE SUBJECT'S COMPETITIVE MARKET AREA.  THE SELECTED SALES WERE THE BEST INDICATORS IN VALUE AND MOST COMPARABLE TO THE SUBJECT.

COST APPROACH TO VALUE

Site Value Comments  N/A

| ☐ ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW | OPINION OF SITE VALUE | | = $ | |
|---|---|---|---|---|
| Source of cost data N/A | Dwelling | 2,117 Sq. Ft. @ $ | = $ | 0 |
| Quality rating from cost service  N/A | Effective date of cost data  N/A | Sq. Ft. @ $ | = $ | 0 |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | | | |
| N/A | Garage/Carport | Sq. Ft. @ $ | = $ | 0 |
| | Total Estimate of Cost-New | | = $ | 0 |
| | Less | Physical | Functional | External | | |
| | Depreciation | | = $ ( | 0) |
| | Depreciated Cost of Improvements | | = $ | 0 |
| | "As-is" Value of Site Improvements | | = $ | |
| | INDICATED VALUE BY COST APPROACH | | = $ | 0 |

INCOME APPROACH TO VALUE

Estimated Monthly Market Rent $ __N/A__ X Gross Rent Multiplier __N/A__ = $ __N/A__ Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM) __N/A__

Indicated Value by: Sales Comparison Approach $ 38,000    Cost Approach (if developed) $ 0    Income Approach (if developed) $ N/A

THE SALES COMPARISON APPROACH PROVIDES THE MOST DEFENSIBLE METHOD OF DETERMINING VALUE FOR SINGLE FAMILY RESIDENTIAL PROPERTIES. THE COST APPROACH HAS NO BEARING ON FINAL CONCLUSION. THE INCOME APPROACH LACKS SUFFICIENT DATA TO JUSTIFY VALUE.

This appraisal is made  ☒ "as is",  ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,
☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed  ☐ subject to the following:
THIS IS A GENERAL PURPOSE APPRAISAL REPORT, FORM GPAR 1004 EXTERIOR APPRAISAL/SUMMARY REPORT FOR THE SOLE AND EXCLUSIVE USE OF THE CLIENT
Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property
that is the subject of this report is $ __38,000__    as of __05/01/2009__    , which is the effective date of this appraisal.

Produced using ACI software, 800.234.8727 www.aciweb.com
Page 2 of 2
This form Copyright © 2005–2006 ACI Division of ISO Data Services, Inc., All Rights Reserved.
(GPAR™) General Purpose Appraisal Report 12/2005
GPAR1004_05 01232007



PARKER DRISCOLL APPRAISAL
## Residential Appraisal Report

File No. 9-275

| FEATURE | SUBJECT | COMPARABLE SALE NO. 4 | | COMPARABLE SALE NO. 5 | | COMPARABLE SALE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address | 2304 WILLOUGHBY AVENUE LAS VEGAS | 1217 N 21ST ST 139-26-610-033 | | 628 N 22ND ST 139-26-811-139 | | 1316 MELISSA ST 139-25-116-024 | |
| Proximity to Subject | | 0.33 MI NW | | 0.34 MI SSW | | 0.65 MI ENE | |
| Sale Price | $ N/A | $ | 45,000 | $ | 39,800 | $ | 54,900 |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 23.28 sq. ft. | | $ 20.73 sq. ft. | | $ 24.52 sq. ft. | |
| Data Source(s) | CNTY REC/INSPC | COUNTY RECORDS/MLS | | COUNTY RECORDS/MLS | | COUNTY RECORDS/MLS | |
| Verification Source(s) | DOC# | 20081210-03919 | | PENDING | | LISTING | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | N/A | CASH | | PENDING | | LISTING | |
| Concessions | N/A | NO CONCESS | 0 | PENDING | | LISTING | |
| Date of Sale/Time | N/A | 12/10/2008 | -9,000 | PENDING | COMMENT | LISTING | -3,294 |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 6200 SQ FT | 6960 SQ FT | 0 | 6076 SQ FT | 0 | 6200 SQ FT | |
| View | TYPICAL | TYPICAL | | TYPICAL | | TYPICAL | |
| Design (Style) | 1 STORY/AVG | 1 STORY/AVG | | 1 STORY/AVG | | 2 STORY/AVG | COMMENT |
| Quality of Construction | STU/SHNG/AVG | STU/SHNG/AVG | | STU/BLTUP/AVG | 0 | MSR/SHNG/AVG | 0 |
| Actual Age | 1962 | 1963 | 0 | 1966 | 0 | 1966 | 0 |
| Condition | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Above Grade | Total 8 Bdrms 5 Baths 3 | Total 8 Bdrms 4 Baths 2 | +3,000 | Total 7 Bdrms 3 Baths 2 | +3,000 | Total 8 Bdrms 4 Baths 3 | 0 |
| Room Count | | | | | | | |
| Gross Living Area | 2,117 sq. ft. | 1,933 sq. ft. | +5,500 | 1,920 sq. ft. | +5,910 | 2,239 sq. ft. | -3,700 |
| Basement & Finished | NONE | NONE | | NONE | | NONE | |
| Rooms Below Grade | MLS# N/A | MLS# 660867 (DOM 155) | REO | MLS# 920550 (DOM 27) | SHORT SALE | MLS# 921736 (DOM 44) | REO |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | FWA C/Air | FWA/C. REF | | FWA/C. REF | | FWA/C. REF | |
| Energy Efficient Items | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Garage/Carport | PARKING ONLY | PARKING ONLY | | PARKING ONLY | | PARKING ONLY | |
| Porch/Patio/Deck | CPORCH/PATIO | CPORCH/PATIO | | CPORCH/PATIO | | CPORCH/PATIO | |
| | N POOL/N SPA | N POOL/N SPA | | N POOL/N SPA | | POOL/N SPA | -10,000 |
| | UPGRADES | SIMILAR | | SIMILAR | | SIMILAR | |
| Net Adjustment (Total) | | ☐ + ☒ - $ | 500 | ☒ + ☐ - $ | 8,910 | ☐ + ☒ - $ | 16,994 |
| Adjusted Sale Price of Comparables | | Net Adj. -1.1% Gross Adj. 38.9% $ | 44,500 | Net Adj. 22.4% Gross Adj. 22.4% $ | 48,710 | Net Adj. -31.0% Gross Adj. 31.0% $ | 37,906 |

Summary of Sales Comparison Approach     SEE ATTACHED ADDENDUM.

*(vertical label: SALES COMPARISON APPROACH)*



ADDENDUM

| Client: REVELES/CO JORGE L SANCHEZ ATTORNEY AT LAW | | File No.: 9-275 | |
|---|---|---|---|
| Property Address: 2304 WILLOUGHBY AVENUE | | Case No.: | |
| City: LAS VEGAS | State: NV | | Zip: 89101-2234 |

**Comments on Sales Comparison**

THE APPRAISAL IS BASED ON THE INFORMATION GATHERED BY THE APPRAISER FROM PUBLIC RECORDS, OTHER IDENTIFIED SOURCES, INSPECTION OF THE SUBJECT PROPERTY AND NEIGHBORHOOD AND SELECTION OF COMPARABLE SALES WITHIN THE SUBJECT MARKET AREA. THE ORIGINAL SOURCE OF THE COMPARABLE IS SHOWN IN THE "DATA SOURCE" SECTION OF THE MARKET GRID ALONG WITH THE SOURCE OF CONFIRMATION, IF AVAILABLE. THE ORIGINAL SOURCE IS PRESENTED FIRST. THE SOURCES AND DATA ARE CONSIDERED RELIABLE, WHEN CONFLICTING INFORMATION IS PROVIDED THE SOURCE DEEMED MOST RELIABLE HAS BEEN USED. DATA BELIEVED TO BE UNRELIABLE HAS NOT BEEN INCLUDED IN THE REPORT OR USED AS A BASIS FOR THE VALUE CONCLUSION.

PHYSICAL DEPRECIATION IS BASED ON THE ESTIMATED EFFECTIVE AGE OF THE SUBJECT PROPERTY AND STANDARD RATES OF DEPRECIATION WITHIN THE LOCAL MARKET. FUNCTIONAL AND/OR EXTERNAL DEPRECIATION, IF PRESENT, ARE SPECIFICALLY ADDRESSED IN THE APPRAISAL REPORT OR ADDENDUM.

IT IS NOT KNOWN BY THIS APPRAISER IF THERE IS ANY PENDING LEGAL ACTION AGAINST THIS BUILDER. IT IS BELIEVED THAT THERE IS NONE. HOWEVER, THIS APPRAISER AND/OR OFFICE WILL NOT BE HELD RESPONSIBLE IF ANY INFORMATION HAS BEEN WITHHELD. IT IS THIS APPRAISERS OPINION THAT THE WORKMANSHIP IS CONSISTENT WITH OTHER HOMES IN THIS AREA. ADDITIONALLY, THERE WERE NO OBVIOUS DEFICIENCIES NOTED AT THE TIME OF INSPECTION.

IN ADDITION, THE APPRAISER MAKES NO WARRANTIES AS TO THE OWNER'S ATTAINMENT OF PERMITS FOR ANY MODIFICATIONS TO THE SUBJECT PROPERTY AND ACCEPTS NO LIABILITY FOR ANY NON DISCLOSURE.

NO VALUE WAS GIVEN TO PERSONAL PROPERTY.

THERE HAVE BEEN APPROXIMATELY 22 COMPARABLE TRANSFERS WITHIN THE PAST 12 MONTHS RANGING FROM $31,900 TO $223,000, OF THESE APPROXIMATELY 2 APPEAR TO BE OPEN MARKET SALES RANGING FROM $92,934 TO $223,000. THERE WERE 6 FORECLOSURES RANGING FROM $70,000 TO $172,168, AND 14 REO SALES RANGING FROM $31,900 TO $170,000, BANK ACTIVITY ACCOUNTS FOR APPROXIMATELY 91% OF ALL TRANSFERS.

COUNTY RECORDS REFLECT PREVIOUS OWNER AND CURRENT OWNER, THEREFORE, SHORT SALE TRANSFERS MAY APPEAR TO BE OPEN MARKET. THE TRANSFERS ALSO INCLUDE PRIVATE TRANSFER ACTIVITY WHICH IS NOT INCLUDED IN THE MLS DATA PRESENTED. FURTHER, COUNTY RECORDS MAY NOT REFLECT THE MOST RECENT CLOSED MLS TRANSFERS DUE TO THE DELAY IN RECORDING

THERE ARE CURRENTLY 9 ACTIVE LISTINGS OF THESE ALL ARE REO/SHORT SALES LISTINGS RANGING FROM $39,000 TO $89,900. BANK ACTIVITY EQUATES TO APPROXIMATELY 100% OF ALL COMPARABLE LISTINGS AND PENDING SALES.

DAYS ON MARKET ARE NOT REFLECTIVE OF MARKET EXPOSURE TIME DUE TO CHANGES TO THE AMOUNTS OF THE ORIGINAL LIST PRICE, RESETTING THE DOM, AND SALE TO LIST PRICE RATIO. ACCORDING TO THE MLS THE AVERAGE DOM IS APPROXIMATELY 68 DAYS, AND THE AVERAGE SALES PRICE TO LIST PRICE RATIO IS APPROXIMATELY 94%. ACTUAL MARKET TIME APPEARS TO BE 6-12 MONTHS. THE RATE OF DECLINE APPEARS TO BE APPROXIMATELY 78% PER YEAR, OR 6.5% PER MONTH. THE APPRAISER HAS RESEARCHED COMPARABLES FOR THE PAST 12 MONTHS, AND COMPARABLE LISTINGS, THE WIDE RANGE IS DUE TO THE BANK ACTIVITY (FORECLOSURES, REO SALES, AND SHORT SALES), A TIGHTENING CREDIT MARKET, AN OVERSUPPLY OF INVENTORY. THE RATE OF DECLINE IN LINEAR FOR THE PAST 12 MONTHS HOWEVER IT APPEARS TO BE RAPIDLY INCREASING DUE TO BANK ACTIVITY FOR SIMILAR COMPETING HOMES WITHIN THE MARKET AREA.

REO/SHORT SALES HAVE BEEN UTILIZED IN THE PREPARATION OF THIS REPORT DUE TO THE FACT THEY ARE DRIVING THE MARKET

COMPARABLE #5 IS A PENDING SALE. THIS COMPARABLE WAS USED BECAUSE IT IS SIMILAR IN GROSS LIVING AREA, AND STYLE AND IS A GOOD INDICATOR OF VALUE. NO ADJUSTMENTS FOR SALES TO LIST PRICE RATIO HAVE BEEN MADE DUE TO THE FACT THIS THE CONTRACTED PRICE IS LISTED IN THE MLS. NO WEIGHT HAS BEEN GIVEN TO THIS COMPARABLE DUE TO THE FACT IT IS A PENDING SALE

COMPARABLE #6 IS A LISTING. THIS COMPARABLE WAS USED BECAUSE IT IS SIMILAR IN GROSS LIVING AREA, AND STYLE AND IS A GOOD INDICATOR OF VALUE. NO WEIGHT HAS BEEN GIVEN TO THIS COMPARABLE DUE TO THE FACT IT IS A LISTING

COMPARABLE #3 EXCEEDS THE RECOMMENDED GUIDELINES FOR LINE ADJUSTMENT OF 10%, AND GROSS ADJUSTMENT OF 25% THIS IS DUE TO THE AGE OF THE SALE THE DECLINING MARKET, INFERIOR GROSS LIVING AREA, BATH COUNT, AND SUPERIOR CARPORT

COMPARABLE #4 EXCEEDS THE RECOMMENDED GUIDELINES FOR LINE ADJUSTMENT OF 10%, AND GROSS ADJUSTMENT OF 25% THIS IS DUE TO THE AGE OF THE SALE THE DECLINING MARKET, INFERIOR BATH COUNT AND GROSS LIVING AREA.

COMPARABLE #5 EXCEEDS THE RECOMMENDED GUIDELINES FOR LINE ADJUSTMENT OF 10%, AND NET ADJUSTMENT OF 15% THIS IS DUE TO THE INFERIOR BATH COUNT AND GROSS LIVING AREA.

COMPARABLE #6 EXCEEDS THE RECOMMENDED GUIDELINES FOR LINE ADJUSTMENT OF 10%, NET ADJUSTMENT OF 15%, AND GROSS ADJUSTMENT OF 25% THIS IS DUE TO THE SUPERIOR GROSS LIVING AREA, AND POOL IMPROVEMENT

HOMES PRIOR TO 1978 MAY OR MAY NOT CONTAIN LEAD BASED PAINT

ONE OR MORE OF THE COMPARABLE SALES EXCEED THE PREFERRED 1 MILE DISTANCE GUIDELINE. ALTHOUGH IT WAS NECESSARY TO EXCEED THIS GUIDELINE DUE TO THE LACK OF PROXIMATE COMPARABLE SALES SIMILAR, IN LIVING AREA, AND AGE. THE COMPARABLES USED STILL FALL WITHIN THE SUBJECTS MARKET AREA.

THE APPRAISER IS AWARE THAT ONE OR MORE OF THE COMPARABLE SALES, ARE 2 STORY HOMES. HOWEVER, COMPARABLE RE-SALES ARE SOMEWHAT LIMITED IN THE AREA. IT IS THE APPRAISERS EXPERIENCE THAT AN ADJUSTMENT BETWEEN 1 AND 2 STORY MODEL HOMES WITHIN THE SUBJECTS MARKET DEMAND AREA IS UN-WARRANTED, THEREFORE NO ADJUSTMENTS HAVE BEEN MADE.

THE APPRAISER SEARCHED FOR CLOSED COMPARABLES WITH 3 OR MORE BATHS, HOWEVER NONE WERE FOUND COMPARABLE LISTING #6 HAS 3 BATHS

File No. 9-275

## Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is simply what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not an environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is unlikely to be consistent with the definition of Insurable Value for property insurance coverage/use.

11. The ACI General Purpose Appraisal Report (GPAR™) is not intended for use in transactions that require a Fannie Mae 1004/Freddie Mac 70 form, also known as the Uniform Residential Appraisal Report (URAR).

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions
THE PURPOSE OF THIS APPRAISAL REPORT IS TO PROVIDE THE CLIENT WITH A CREDIBLE OPINION OF VALUE OF THE SUBJECT PROPERTY, AS OF 05/01/2009 FOR PRIVATE PURPOSES  SEE ATTACHED LIMITING CONDITIONS.



Produced using ACI software, 800.234.8727 www.aciweb.com

This form Copyright © 2005-2006 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
(GPAR™) General Purpose Appraisal Report  3/2/2005
GPARUM_ES 076803007

File No. 9-275

## Appraiser's Certification

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted below, no one provided significant real property appraisal assistance to the appraiser signing this certification. Significant real property appraisal assistance provided by:
N/A

Additional Certifications:
N/A

---

Definition of Value: [X] Market Value    [ ] Other Value: _____

Source of Definition: FANNIE MAE FORM 1004 MARCH 2005

DEFINITION OF MARKET VALUE

THE MOST PROBABLE PRICE WHICH A PROPERTY SHOULD BRING IN A COMPETITIVE AND OPEN MARKET UNDER ALL CONDITIONS REQUISITE TO A FAIR SALE, THE BUYER AND SELLER, EACH ACTING PRUDENTLY, KNOWLEDGEABLY AND ASSUMING THE PRICE IS NOT AFFECTED BY UNDUE STIMULUS. IMPLICIT IN THIS DEFINITION IS THE CONSUMMATION OF A SALE AS OF A SPECIFIED DATE AND THE PASSING OF TITLE FROM SELLER TO BUYER UNDER CONDITIONS WHEREBY: (1) BUYER AND SELLER ARE TYPICALLY MOTIVATED; (2) BOTH PARTIES ARE WELL INFORMED OR WELL ADVISED, AND EACH ACTING IN WHAT HE OR SHE CONSIDERS HIS OR HER OWN BEST INTEREST; (3) A REASONABLE TIME IS ALLOWED FOR EXPOSURE IN THE OPEN MARKET; (4) PAYMENT IS MADE IN TERMS OF CASH IN US DOLLARS OR IN TERMS OF FINANCIAL ARRANGEMENTS COMPARABLE THERETO; AND (5) THE PRICE REPRESENTS THE NORMAL CONSIDERATION FOR THE PROPERTY SOLD UNAFFECTED BY SPECIAL OR CREATIVE FINANCING OR SALES CONCESSIONS GRANTED BY ANYONE ASSOCIATED WITH THE SALE.

THE PURPOSE OF THIS APPRAISAL REPORT IS TO PROVIDE THE CLIENT WITH A CREDIBLE OPINION OF THE VALUE OF THE SUBJECT PROPERTY, AS OF 05/01/2009, FOR PRIVATE PURPOSES  SEE ATTACHED LIMITING CONDITIONS.

---

ADDRESS OF THE PROPERTY APPRAISED:
2304 WILLOUGHBY AVENUE
LAS VEGAS, NV 89101-2234
EFFECTIVE DATE OF THE APPRAISAL: May 1, 2009
APPRAISED VALUE OF THE SUBJECT PROPERTY $ 38,000

APPRAISER                                          SUPERVISORY APPRAISER

Signature: _____               Signature: _____
Name: JAMES DRISCOLL                              Name: _____
State Certification # A.0006362-CR                State Certification # _____
or License # _____                     or License # _____
or Other (describe): _____ State #: _____     State: _____
State: NV                                         Expiration Date of Certification or License: _____
Expiration Date of Certification or License: 12/31/2009    Date of Signature: _____
Date of Signature and Report: 05/07/2009          Date of Property Viewing: _____
Date of Property Viewing: 05/01/2009              Degree of property viewing:
Degree of property viewing:                       [ ] Interior and Exterior   [ ] Exterior Only   [ ] Did not personally view
[ ] Interior and Exterior   [X] Exterior Only   [ ] Did not personally view

Produced using ACI software, 800.234.8727 www.aciweb.com    This form Copyright © 2005-2006 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
(GPAR™) General Purpose Appraisal Report 12/2005
GPARLBM_05 01062007



Parker Driscoll Appraisal

PLAT MAP

| Client: | REVELES/CO JORGE L SANCHEZ ATTORNEY AT LAW | File No.: 9-275 | |
|---|---|---|---|
| Property Address: 2304 WILLOUGHBY AVENUE | | Case No.: | |
| City: LAS VEGAS | | State: NV | Zip: 89101-2234 |

FLOOD MAP

| Client: | REVELES/C/O JORGE L SANCHEZ ATTORNEY AT LAW | | File No.: | 9-275 |
|---|---|---|---|---|
| Property Address: 2304 WILLOUGHBY AVENUE | | | Case No.: | |
| City: LAS VEGAS | | State: NV | | Zip: 89101-2234 |



The District makes no warranties concerning the accuracy of this data

This parcel IS NOT in a 100-year flood zone

Parcel 13926712065
Owner REVELES ANTONIO & ELIDA
Address 2304 WILLOUGHBY
Entity Las Vegas
Contact 702-229-6569
Flood Zone This parcel IS NOT in a 100-year flood zone

LOCATION MAP

| Client: | REVELES/CO JORGE L SANCHEZ ATTORNEY AT LAW | File No.: | 9-275 |
| Property Address: 2304 WILLOUGHBY AVENUE | | Case No.: | |
| City: LAS VEGAS | | State: NV | Zip: 89101-2234 |



SUBJECT PROPERTY PHOTO ADDENDUM

| Client: | REVELES/C/O JORGE L SANCHEZ ATTORNEY AT LAW | | File No.: | 9-275 |
|---|---|---|---|---|
| Property Address: | 2304 WILLOUGHBY AVENUE | | Case No.: | |
| City: LAS VEGAS | | State: NV | | Zip: 89101-2234 |



FRONT VIEW OF
SUBJECT PROPERTY

Appraised Date: May 1, 2009
Appraised Value: $ 38,000



REAR VIEW OF
SUBJECT PROPERTY



STREET SCENE

COMPARABLE PROPERTY PHOTO ADDENDUM

| Client: | REVELES/C/O JORGE L SANCHEZ ATTORNEY AT LAW | | File No.: | 9-275 |
|---|---|---|---|---|
| Property Address: 2304 WILLOUGHBY AVENUE | | | Case No.: | |
| City: LAS VEGAS | | State: NV | | Zip: 89101-2234 |



COMPARABLE SALE #1

2001 RYAN AVE
139-26-811-106
Sale Date: 02/20/2009
Sale Price: $ 36,000



COMPARABLE SALE #2

3715 REYNOLDS AVE
139-24-811-100
Sale Date: 03/30/2009
Sale Price: $ 37,250



COMPARABLE SALE #3

2537 TAYLOR AVE
139-24-410-030
Sale Date: 03/26/2009
Sale Price: $ 42,500

COMPARABLE PROPERTY PHOTO ADDENDUM

| Client: | REVELES/C/O JORGE L SANCHEZ ATTORNEY AT LAW | File No.: | 9-275 |
|---|---|---|---|
| Property Address: | 2304 WILLOUGHBY AVENUE | Case No.: | |
| City: LAS VEGAS | | State: NV | Zip: 89101-2234 |



COMPARABLE SALE #4

1217 N 21ST ST
139-26-610-033
Sale Date: 12/10/2008
Sale Price: $ 45,000



COMPARABLE SALE #5

628 N 22ND ST
139-26-811-139
Sale Date: PENDING
Sale Price: $ 39,800



COMPARABLE SALE #6

1316 MELISSA ST
139-25-116-024
Sale Date: LISTING
Sale Price: $ 54,900