Kevin Hahn
Nevada Bar No. 9821
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
(949) 252-9400 Phone
(949) 252-1032 Fax

Attorneys for WELLS FARGO HOME MORTGAGE

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | ) Chapter 13 |
| | ) |
| ELIDA REVELES, | ) Case No. S-09-17196-BAM |
| | ) |
| | ) Hearing Date: November 3, 2009 |
| Debtor. | ) Hearing Time: 1:30 p.m. |
| | ) Location:   Foley Federal Building |
| | )                    Courtroom No. 3 |
| | ) |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

Movant, WELLS FARGO HOME MORTGAGE, and its Successors and/or Assigns ("WELLS FARGO"), by and through Kevin Hahn, its attorney, hereby moves this Court pursuant to 11 U.S.C. § 362, for its Order Terminating Automatic Stay as it applies to certain real property located in Clark County, Nevada  or in the alternative, providing WELLS FARGO with adequate protection of its secured obligation.

This Motion is based upon the attached Memorandum of Points and Authorities, and the 362 Information Sheet (attached as Exhibit "A"), as well as upon the documents filed in support of the Motion.

DATED: October 6, 2009

                                          Respectfully Submitted,

                                    /s/ *Kevin Hahn*
                                   KEVIN HAHN
                                   Nevada Bar No. 9821
                                   Attorney for secured Creditor,
                                   WELLS FARGO HOME MORTGAGE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTORY STATEMENT

WELLS FARGO HOME MORTGAGE, and its Successors and/or Assigns ("WELLS FARGO/Movant") requests the Court to grant it relief from the automatic stay because the Debtor has failed to tender regular monthly mortgage payments to Movant and because there is no equity for the benefit of the Debtor or the estate.

### II. STATEMENTS OF FACTS

1. **The Secured Debt.** The Debtor is the Trustor under a Note secured by a Deed of Trust against the real property commonly known as 4140 Glass Lantern Drive, Las Vegas, NV 89032 (the "Property"). The Debtor acknowledges the secured debt in her Schedules. True and correct copies of the Debtor's Schedules "A" and "D" are attached hereto as Exhibit "1."

2. **The Default Under The Note.** WELLS FARGO's Note and Deed of Trust are contractually due for the August 1, 2009 payment. As a result of the default, WELLS FARGO desires to record a Notice of Default against the Property. The total delinquency under the Note is set forth in detail on Exhibit "2" to the Motion.

3. **The Debtor's Interest In The Property.** The Debtor is the owner of record of the Property.

4. **The Filing Of The Instant Petition.** On or about May 5, 2009, Elida Reveles filed the instant Chapter 13 Petition as Case No. S-09-17196-bam.

5. **The Post-Petition Delinquency.** The Debtor has failed to make "post-petition" payments that have come due. The post-petition default through the October 2009 payment is exclusive of fees and costs, is set forth below and subject to change.

| | |
|---|---:|
| 3 payments at $1,606.77 each | $ 4,820.31 |
| **Total "Post Petition" Balance Due** | **$ 4,820.31** |

Attorney's fees and costs plus other miscellaneous costs, if any, must be added to this figure.

///

///

///

6. **The Total Indebtedness Under The Note.**  The total indebtedness owed to WELLS FARGO, under the Note, exclusive of attorney fees, other miscellaneous costs and interest that continues to accrue is as follows:

| | |
|---|---|
| Principal Balance: | $ 219,325.20 |
| Interest Accrued from Last Installment | $ 3,253.27 |
| Escrow Advance: | $ 604.12 |
| Total Fees: | $ 14.00 |
| Late Charges: | $ 133.84 |
| **TOTAL:** | **$ 223,330.43** |

7. **The Total Liens On The Property.**  The Property is encumbered by the following liens:

| SECURED CREDITOR | LIEN AMOUNT |
|---|---|
| 1. WELLS FARGO (1st trust deed) | $ 223,330.43 |
| TOTAL | $ 223,330.43 |

8. **The Value Of The Property.**  The amount owing and recorded against the Property (excluding costs of sale) is $223,330.43.  By the Debtor's own admission, the Property has a fair market value of only $192,000.00.  Accordingly, the Property has no equity for the benefit of the Debtor or the estate.  True and correct copies of the Debtor's Schedules A and D are attached hereto as Exhibit "1."

### III. THE AUTOMATIC STAY SHOULD BE TERMINATED BASED ON THE DEBTOR'S FAILURE TO MAKE POST PETITION PAYMENTS

Ninth Circuit case law clearly sets forth the duty of a Chapter 13 Debtor to maintain post-petition contractual installment payments to secured lenders as a condition for eligibility for Chapter 13 relief.  In *In re Gavia*, 24 B.R. 573 (Bankr. 9th Cir. 1982), the Bankruptcy Appellate Panel held that Debtors who lack sufficient regular income to enable them to maintain current contractual installment payments as well as payments under a Chapter 13 Plan are ineligible for Chapter 13 relief.

In *In re Ellis*, 60 B.R. 432 (Bankr. 9th Cir. 1986), the Bankruptcy Appellate Panel held that post-confirmation defaults on payments to secured lenders constitutes cause for terminating the automatic stay under Section 362(d)(1), and that it is the Debtor's burden to show that no cause exists.

As set forth in the Motion herein, the stay should be terminated immediately based on the Debtor's failure to make the regular monthly post-petition payments in the instant case.

### IV. RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(2) BECAUSE THE PROPERTY HAS LITTLE OR NO EQUITY

The evidence demonstrates that there is no equity in the Property.  By Debtor's own admission, the Property has a fair market value of $192,000.00 while the total indebtedness on the Property (excluding costs of sale) is $223,330.43. Based on the foregoing, the stay should be terminated immediately. WELLS FARGO has satisfied its burden under Section 362(d)(2).

### V. REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, WELLS FARGO requests that the Court take judicial notice of the following facts:

1.   The Debtor contends that the Property has a fair market value of $192,000.00. See Exhibit "1."

### VI. CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief requested by WELLS FARGO including a waiver of the 10-day stay pursuant to Bankruptcy Rule 4001 (a)(3) and the requirements of Local Rule 9021.

DATED: October 6, 2009

                                                Respectfully Submitted,

                                         /s/ *Kevin Hahn*
                                        KEVIN HAHN
                                        Nevada Bar No. 9821
                                        Attorney for secured creditor
                                        WELLS FARGO HOME MORTGAGE